Appellant, Mr. Braley for the Appellant, Ms. Loeb for the Appellant. Good morning, Mr. Braley. Good morning, Your Honor. May it please the Court, I am John Braley. I was appointed by this Court to, as a successor counsel, to represent Mr. Pyles. I was not the attorney in the trial court. I was not the original attorney on the appeal. This matter presents only one issue for the Court to consider, and that is whether or not the district judge adequately explained the basis for his sentence. That is, adequately in terms of the judicial precedents that require him to address the non-frivolous arguments that were advanced by trial counsel on behalf of Mr. Pyles. What is our standard of review? I'm sorry? What is our standard of review? The standard of review, Your Honor, is for abuse of discretion, I believe. The government contends in its plain error. Well, I submit to the Court that, as set forth in the briefs, that the government is mistaken and that the error was, not predicted, but the error was anticipated in terms of the possibility of error was anticipated by trial counsel in his presentation to the district judge of all the reasons why he thought, why he advanced, why the government initially agreed that the lower sentence was more appropriate, and by filing two pre-sentence memoranda, by spending time arguing there was a 50-page sentencing transcript which indicates that all the reasons why Mr. Pyles should have been considered for a lower sentence, and when the judge ignored those presentations and went on to focus on just one aspect of the case, he did, the judge did ask him, is there anything further? But at that point, I submit that trial counsel had virtually exhausted himself trying to persuade the judge otherwise. So that's why I believe the error is not plain error and that the appellant has preserved the right to appeal to this Court to consider whether or not the procedural error did or did not occur. In support of that, I would ask the Court to note that the judge spent a considerable amount of time, in fact all of his time, in terms of his colloquy with the government counsel and the defense counsel, going over the seriousness of the what had been charged. He spent no time, in contrast, no time at all dealing with the review of the defendant as a person. So I submit it's clear that the sentence was imposed on Mr. Pyles as an offender. Well, that's not entirely true. I'm sorry. He did make various assertions about recidivism. Whether he substantiated them is another question, but he at least claimed to have perceptions on that subject. Well, the judge expressed his concern about that issue, but I submit to the Court that the record does not show that the judge examined the personal characteristics of Mr. Pyles. There seemed to be an inference that he drew from the defendant's unwillingness to have the in-prison therapy. I'm sorry, Your Honor? It appeared to be an inference he drew from the defendant's unwillingness to have in-prison therapy, voluntary, not the substance abuse. Well, I submit that issue came up in the report from the Forensic Psychiatry, but both the defense counsel and the defendant himself refuted that position and said that he was concerned when he had gone down to Bud and defense counsel. He stated his objections, and actually those objections have been endorsed by at least one judge of our court, but that presumably was a factor that the judge was considering. Well, the judge was considering that as a factor, but I submit to the Court that the judge, the record, as I read the record, stands for the proposition that the judge considered recidivism as an issue that affected the community, but he didn't find anything other than what Mr. Pyles had told the psychiatrist about participating in treatment, that there was no analysis of Mr. Pyles' history of conduct or his background or any psychological basis for the judge's concern that recidivism was a major issue, and I submit to the Court that as defense counsel acknowledged at the time of sentencing, the possibility of repeat offender conduct is always an issue in terms of sentencing. I would ask the Court to look at the transcript of the sentencing hearing and appreciate the fact that the prosecutor made several, advanced several reasons why the government believed that a lower sentence was appropriate, defense counsel advanced several reasons why the defense counsel, why the lower sentence would have been appropriate, and the judge did not address any of those reasons and instead, over nine times in the course of the sentencing hearing, the judge repeated the word, the seriousness of the conduct is what bothers me, and that's what he kept saying over and over and over again, and I submit to the Court that that is not sufficient under the standards that this Court has set, the Supreme Court has set, in terms of what the judge must do when a person comes before him for sentencing and provides the Court with reasons. Here's the concern that I have with respect to your argument in how review works in this Court and just for the orderly administration of the courts. Your argument is that the judge, we should remand this for resentencing because the judge did not adequately explain his sentence, right? That's correct, Your Honor. So if your argument is that the error is that there was an inadequate explanation, then why is it that you can also say that it should be irrelevant if the district court gives the defense counsel an opportunity to object or to raise a comment after the district court has given its explanation and then the defense counsel doesn't do so, that that should be just irrelevant to the standard of review? I would ask the Court to accept the proposition that at that point, whatever defense counsel had to say would have been most redundant. How would it have been redundant because the defense counsel would have been saying for the first time, well, Your Honor, you have not explained why, you know, all of our arguments in favor of mitigation or rehabilitation, et cetera, were unpersuasive? Well, my answer, Your Honor, is that the defense counsel had filed a very lengthy memorandum in the first place, filed another memorandum following the receipt of the forensic report, and spent half an hour or 45 minutes before the Court answering questions, advancing his position, and when the judge says anything further, I submit to the Court that under Locke, which says that the error is preserved if the defendant has raised his objections, has raised his position or has failed to object, not and has failed to object, it's in the alternative in the Locke decision that he may, if he has advanced all his arguments, then I submit to the Court that that's not realistic, as other courts of other circuits have found, to have a defense counsel stand up and at the point say, well, these are all the arguments I've just recited, and one by one, I'd like you to satisfy for the record why this reason is no good, why my other reason is no good, why the other reason is no good. I think that would be a very awkward situation for everybody. All right, were you intending to reserve any time for rebuttal? Not really, Your Honor, unless, I would like if the government said something that, I would like just 30 seconds if I have something else to say. All right, we'll give you a short time for rebuttal.  Good morning, may it please the Court, Jennifer Loeb for the United States. The District Court judge considered the particular facts of this case and made a reasoned decision as to the appropriate sentence. Can we go back a moment? On the facts of this case, is there a functional difference between review for abuse of discretion and plain error? Absolutely. The review here is most definitely plain error review. Every court that has looked at it... But how did, if you look at the record, and if it is the case, looking at the record, that a series of individually focused arguments are made, and they are persistently blown off by the judge, that's not plain error? Maybe you reject my characterization of the record, but if that's an accurate characterization, why wouldn't that be plain error? Well, as my opponent made clear, there's only one issue on the table before this Court, and that is whether there's procedural error. So in that case, if the District Court judge considered and rejected the arguments presented as a procedural matter... Partly what you mean by considered and rejected, if you mean he heard them and then he shifted back to his regular pattern of focusing on what a terrible crime it was and the assurance of recidivism here, if that was a reason to answer, yes. But if a defendant is entitled to something more by way of a reasoned response, in any event, why can't we just see it on the record? Well, I would submit that you do see it on the record, Your Honor. There were four arguments that the appellant made below for a mitigated sentence. All four of them were either explicitly or implicitly addressed by the District Court judge's decision. But they weren't made just by the appellant. They were made by the government counsel, right? Correct. And so when the District Court judge heard those arguments from both sides of the table, at the end of the day, he addressed and rejected, again, either explicitly or implicitly. How did he implicitly or explicitly address the childhood abuse argument for mitigation? Well, I would say, on the whole, hearing the personal circumstances of the defendant, there was evidence in the evaluator's report that was tailored to this particular defendant, obviously was based on an evaluation of this particular defendant. This is something that the District Court judge found very distressing, spent a lot of his time talking about those findings, that diagnosis. The District Court judge also talked about the drug use of the defendant, which he had routinely or continuously pointed to as a mitigating factor. The judge plainly rejected that and said, I don't think they're related and I also don't find that one illegal conduct justifies other illegal conduct. I will absolutely agree with Your Honor that there is no discussion of the childhood. Childhood sexual abuse. There isn't any discussion as far as I can tell. That is true. The judge does, though, focus on what I would argue or perhaps what he could find was a more relevant and more recent diagnosis of provisional pedophilia, which is something that was discussed at length in the report. If the District Court judge had predetermined the sentence that he was going to issue in this case, there would have been no reason for him to cancel the sentencing hearing that was scheduled. I don't think predetermination is the issue. The issue is disregard of arguments posed by the defendant that are directed to his individual circumstances in the context of the law. In this case... Actually, the judge was open-minded about the sentence. He spent quite a lot of time worrying about making an upward departure from the newly discovered higher range. And he did not do that. I don't think... Right. The judge spent 16 pages out of a 40-page transcript discussing the particular facts of this defendant. I focused on one thing, which is pretty clear here. Is your answer I concede? He didn't address childhood abuse. He did not address childhood abuse. He did, however, look at other personal characteristics and mitigation arguments that were pressed by... Well, there's case law, both Supreme Court and the circuit, say childhood abuse. It doesn't mean that the result would be different, but it's not an insignificant consideration under established case law. Well, there's also established case law in the circuit that makes clear that the judge need not address every argument put before him. That's pretty big one. If it's significant, there is no case law that says that the significant potential mitigating factor, the child judge, need not address it so long as you've written a lot of pages on other things. That's just not an argument. I realize the U.S. attorney has been trying to fight this fight on a number of different courts, but that's just not wrong. That's not correct. I could argue, Your Honor, that there was a more relevant assessment of the personal characteristics of the defendant before the judge, and that is the forensic evaluator's report. So to the extent that the defendant wanted to argue that conditions or circumstances in his upbringing led to his current life... Did argue it. To the extent that that was his argument, the judge was clearly persuaded by more relevant or more recent, and I would argue more relevant, considerations such as denial, minimization. As the judge said, I'm clearly persuaded by more relevant considerations, and that's why I'm not going to say anything on alleged childhood abuse. He said he found the evaluator's findings very distressing. He discussed at length statements that the defendant himself made in that evaluation. He quoted a full half of a page of the evaluator's report, because he was very distressed by the minimization, the failure to seek voluntary treatment, the blaming on drugs, the failure to accept responsibility. All of those things are 100% in line with the 3553 factors, and therefore extremely relevant in reaching the right determination. As far as the standard of review, Judge Wilkins had it just right. The whole point of requiring an appellant or, excuse me, a defendant to stand up at a sentencing hearing and say, wait a second, I'd like you to address this argument, is to avoid this trip to the circuit. That is precisely why if, you know, my opponent said that- Clark says if you raise the objection or you fail to object. I mean, it is not, you don't have to do it over and over and over again. I mean, there have been, there are other cases that are, that we've heard where the same argument is being made. I'm really not sure, as Judge Williams suggests, I'm not sure what the difference is. Because if you fail to object, especially in the sentencing context, we have case law that says that's a plain error. At sentencing, it's a serious matter about incarcerating someone. So you really are not talking about a difference of great consequence. But I think you all are distorting Locke. I mean, how many times do you have to state, this was not something that was said in passing. We've had those cases. This was something that was said very clearly, and it's significant. So the question is, does a district court either commit plain error or abuse discretion by failing to say something about an objection that is a viable, potentially viable, objection, and says nothing? I would submit to Your Honor that the relevant inquiry is not whether the defendant repeatedly raised these substantive objections. Under Locke, which applied plain error review, the question is whether the appellant raised the lack of procedural error. Whether the appellant stood up and said, I don't understand, did you address this issue? Because had the appellant, when the district court judge turned to him at the end, to defense counsel at the end of sentencing, and said, do you have any questions, had the appellant said, well, yeah, I'm concerned, because you haven't really addressed the personal characteristics. That, I would agree with you, that would preserve the air. Suppose this judge had said, yes, I have. Well, in which case, it would be for this court to determine. I'm really interested in, because your argument is strained, but I'm really curious in the context in which we're talking about. Is that good? Sure. Is that enough for the defendant to be able to come to court on your terms and have preserved an objection? Well, the air would certainly be preserved, yes. Had the appellant explicitly asked the judge to address an argument that he believes he made that was not addressed, then yes, that would absolutely preserve the air. So the question for this court on those circumstances would be whether it was an abuse of discretion. Whether the judge abused its discretion in stating that he had considered perhaps factors that he had not. But here, the defendant made no attempt to seek clarification, made no attempt to preserve any kind of procedural error. We're not here on reasonableness review. It's not about whether the sentence in and of itself is reasonable, given this court's jurisprudence and the Supreme Court's jurisprudence. And as I noted, Locke itself applied plain error review where an objection had not been preserved, similar to here. Counsel, the defendant's opening brief cites the Second Circuit decision in Door B. I don't know if that's how you pronounce it. And your brief does not respond to that. Is that because you have no response? The response is that how the district court judge internalized or addressed or made sense of those policy arguments is not for us to argue on the merits. It's the essential argument that the appellant makes and that the court in Door B recognizes is that the 2G2.2, the sentencing guideline that applies to the possession of child pornography, is overly punitive. That it does not count for the 3553 factors, that the guidelines fail to reflect those factors. Here, by going through the 3553 factors, the district court implicitly rejected that argument. And so, unless there are further questions. I notice your argument invokes the adverb implicitly quite often. Had the appellant asked for an explicit discussion, it's not this court's jurisprudence, as well as the Supreme Court jurisprudence, makes clear that a district court judge is not required to wax poetic for pages and pages and pages on every argument put before it. The question before this court is whether he plainly erred by making a reasoned determination as to an individualized sentence. So we would ask that this court affirm the judgment. Thank you. Thank you. Alright, Mr. Briley, we'll give you one minute for rebuttal. Thank you, Your Honor. I'm not going to take a minute. I just want to, since Judge Dorby was raised by question, I just want to read one quote from Dorby, that the basis of Mr. Pyle's argument is that Judge Leon, in the words of Dorby, did not offer a clear reason why the maximum available sentence, which the judge didn't got the maximum available, but he came close, was more appropriate than a lesser sentence. So that was really the basis of the sentencing colloquy involving the prosecutor and defense counsel, was that a sentence of incarceration was appropriate, but at a much lower level. Thank you. Thank you. We'll take the matter under advisement. Mr. Briley, you were appointed by the court to represent the appellant in this case, and the court thanks you for your assistance. You're welcome.
judges: Wilkins, Edwards, Williams